FILED
United States Court of Appeals
Tenth Circuit

May 29, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GEORGE R. SCHWARTZ, M.D.,

Plaintiff - Appellant,

v.

GURU TERATH SINGH KHALSA;
PAUL KOVNAT, M.D.; STEVEN
WEINER, M.D.,

Defendants - Appellees.

No. 11-2197
(D. New Mexico)
(D.C. No. 6:10-CV-00095-MCA-KBM)

---

ORDER AND JUDGMENT[*]

---

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

---

Plaintiff George R. Schwartz, proceeding pro se, appeals the dismissal of

his claim under 42 U.S.C. § 1983, which alleged that two members of the New

Mexico Medical Board and the Board's attorney improperly disseminated a

decision revoking his license and thereby deprived him of his ability to practice

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

medicine in other states without due process of law. He also challenges the denial of a motion for limited discovery. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

In 2005 the New Mexico Medical Board (Board) initiated a licensing proceeding against Dr. Schwartz. It issued a Notice of Contemplated Action (NCA) alleging numerous instances of unprofessional conduct. After an evidentiary hearing it voted to revoke Dr. Schwartz's license and issued its decision in March 2006 (Decision). He sought review in state district court, which reversed and remanded for a new hearing (Reversal). But in 2008 Dr. Schwartz entered into an Agreed Order under which he voluntarily surrendered his license and agreed not to practice medicine or seek a license anywhere in the United States. The Agreed Order also stated his understanding that the document would be reported to the National Practitioner Data Bank and the Healthcare Integrity and Protection Data Bank. These are data banks used by medical licensing boards throughout the country, and reporting the loss of a license is required under federal law. *See* 45 C.F.R. §§ 60.8(a)(3), 61.7(a)(2).

The Board posted and updated Dr. Schwartz's license status on its website at each phase of the case; for example, after the signing of the Agreed Order the website reflected that his status was "Voluntary Surrender." Further, the website made available the NCA, Decision, Reversal, and Agreed Order. The Decision,

Reversal, and Agreed Order were also reported to the two aforementioned data banks.

In 2010 Dr. Schwartz filed suit in federal court against Paul Kovnat and Steven Weiner, who were members of the Medical Board, and Guru Terath Singh Khalsa, the Board's administrative prosecutor (Defendants). His first amended complaint, under which the case proceeded, asserted a variety of state-law claims and claims under 42 U.S.C. §§ 1983 and 1985 for violation of due process and conspiracy. The due-process claim alleged that Defendants improperly disseminated the Decision to out-of-state boards without informing them of the Reversal, thereby depriving Dr. Schwartz of licenses in four other states. Defendants moved to dismiss, and the district court dismissed all but the § 1983 claim. Dr. Schwartz has not challenged that decision on appeal. Defendants then moved for summary judgment on the § 1983 claim, submitting affidavits stating that they had never sent or caused to be sent to any medical licensing board any copy of the Decision or any other documents concerning Dr. Schwartz.

In response, Dr. Schwartz elaborated on the § 1983 claim, alleging that Defendants had sent the Decision to other boards after the Reversal. He also filed a supplemental response, providing two pages of a transcript of a deposition of a former public-information officer at the Board, who said that she very likely had sent the Decision to out-of-state boards.

Dr. Schwartz then filed a Motion for Limited Discovery arguing that depositions of records custodians of the Pennsylvania and New York medical boards would allow him to show that affidavits submitted by Defendants contained misrepresentations of what was sent to those boards. After Defendants filed a response, Dr. Schwartz filed a reply and attached his declaration (neither sworn nor under penalty of perjury) that discovery would reveal that the Decision was sent to other boards without notice of the Reversal, that it was sent to induce adverse action against Dr. Schwartz's licenses, and that it was sent by the records custodian at the behest of Mr. Khalsa. Defendants submitted a supplemental response and a notice of completion of briefing, after which Dr. Schwartz submitted his own supplemental response. This time, he attached an affidavit essentially repeating the assertions in the earlier declaration.

The magistrate judge denied the motion for discovery because Dr. Schwartz had failed to satisfy Fed. R. Civ. P. 56(d), which requires the opponent of a motion for summary judgment who seeks delay of the decision pending further discovery to show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." The judge explained that Dr. Schwartz's motion did not include an affidavit or declaration and "fail[ed] to sufficiently identify the discovery or information sought, the reasons he has not previously been able to obtain it, or the way in which it is relevant to the Defendants' motion seeking to dismiss the case." R., Vol. 1 at 405. The judge

-4-

further noted that the declaration attached to Dr. Schwartz's reply was not in proper form (it was not under penalty of perjury) and also failed to explain what discovery he sought, why he had been unable to obtain needed information, or how additional discovery would reveal facts assisting his opposition to summary judgment. Finally, the judge stated that (1) Dr. Schwartz failed to seek leave of court before filing his supplemental response, as required under the local rules, so it was not entitled to consideration, and (2) in any event, the affidavit also failed to provide the information required by Rule 56(d).

The district court granted summary judgment. Construing Dr. Schwartz's complaint as alleging an infringement of a "stigma plus" liberty interest in his reputation and right to practice his profession, R., Vol. 1 at 411 (internal quotation marks omitted), it ruled that Dr. Schwartz had failed to create a genuine issue on the question whether Defendants published the relevant documents, an essential element of a stigma-plus claim. *See Renaud v. Wyoming Dept. of Family Servs.*, 203 F.3d 723, 727 (10th Cir. 2000) ("First, to be actionable, the statements must impugn the good name, reputation, honor, or integrity of the employee. Second, the statements must be false. Third, the statements must occur in the course of terminating the employee or must foreclose other employment opportunities. And fourth, the statements must be published." (internal quotation marks omitted)). The court stated that the only proffered evidence to counter Defendants' affidavits was the public-information officer's deposition attached to

the supplemental response, but that response was filed in violation of the local rules requiring court permission, and in any event the deponent had left the Board's employment before the Decision was set aside by the Reversal and the deponent provided no information regarding who instructed her to send out the Decision.

Dr. Schwartz appeals both the denial of his motion for discovery and the grant of summary judgment. He renews his contention that further discovery was necessary to ascertain the identity of the person who sent documents to other medical boards; and he adds an assertion, made for the first time on appeal, that the other boards would not provide the name of the signatory on the document transmission from the Board. As for summary judgment, he renews his argument that Defendants improperly disseminated the Decision without informing out-of-state boards of the Reversal, but adds, again for the first time, that "the law of agency applies" to his case, making Defendants responsible for any publication of documents regarding his license even if they did not personally cause the publication. Aplt. Br. at 4.

## II.    DISCUSSION

We review discovery rulings for abuse of discretion. *See Pippinger v. Rubin*, 129 F.3d 519, 533 (10th Cir. 1997). We affirm the denial of Dr. Schwartz's motion for discovery for essentially the reasons stated by the magistrate judge. Dr. Schwartz's assertion of his inability to obtain needed

information from out-of-state boards was not raised in district court, so we cannot consider it now. *See Mann v. United States*, 204 F.3d 1012, 1017 (10th Cir. 2000) ("Issues and arguments which are not raised below will not ordinarily be considered on appeal.").

Reviewing de novo the grant of summary judgment, *see J.W. v. Utah*, 647 F.3d 1006, 1009 (10th Cir. 2011), we also affirm. Dr. Schwartz failed to create a genuine issue on the question whether Defendants published any documents. We need not consider his argument about the "law of agency" because it was not raised below.

## III. CONCLUSION

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge